UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

CARLOS E. LOPEZ,

    Plaintiff,

v.

CASA TUA CUCINA (MIAMI)
ASSOCIATES LLC,
d/b/a CASA TUA CUCINA

    Defendant,
_____/

## **COMPLAINT**

The Plaintiff, CARLOS E. LOPEZ, by and through undersigned counsel, hereby sues Defendant CASA TUA CUCINA (MIAMI) ASSOCIATES LLC, d/b/a CASA TUA CUCINA, on the grounds set forth herein.

### INTRODUCTION

1. This is an action by Plaintiff CARLOS E. LOPEZ, under 42 U.S.C. §1981 (Civil Rights Act of 1866), to redress the injury done to him by the Defendant's discriminatory treatment and retaliation based on his Race, Color, and Ethnicity (Hispanic).

### JURISDICTION AND VENUE

2. This is an action for damages brought in excess of $15,000.00, exclusive of interest, attorney's fees, and costs.

3. This action is authorized and instituted pursuant to 42 U.S.C. §1981 (Civil Rights Act of 1866), as amended,

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343.

5. The venue of this action is properly placed in the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. §1391(b), since the unlawful alleged employment practices were committed in Miami-Dade County, within the jurisdiction of this Honorable Court.

## PARTIES

6. Plaintiff CARLOS E. LOPEZ is a Miami-Dade County resident employed by Defendant CASA TUA CUCINA (MIAMI) ASSOCIATES LLC, d/b/a CASA TUA CUCINA, and is a member of certain protected classes of persons because of his Race, Color, and Ethnicity (Hispanic).

7. CASA TUA CUCINA (MIAMI) ASSOCIATES LLC, d/b/a CASA TUA CUCINA (hereinafter CASA TUA CUCINA, or "Defendant") is a profit corporation authorized to conduct business in the State of Florida, and within the jurisdiction of this Court.

8. Defendant CASA TUA CUCINA was the "Employer" of Plaintiff within the meaning of Section 1981 of the Civil Rights Act of 1866 (Section 1981), as amended.

9. At all times relevant to this complaint, Plaintiff CARLOS E. LOPEZ was employed by CASA TUA CUCINA, and the parties had a contractual relationship with each other.

STATEMENT OF FACTS

10. Plaintiff CARLOS E. LOPEZ is a 48-year-old Hispanic male of Nicaraguan national origin. Plaintiff is a resident of Miami Beach, Dade County, who was employed by Defendant CASA TUA CUCINA. The Plaintiff is a member of certain protected classes of persons because of his Race, Color, and Ethnicity (Hispanic).

11. Corporate Defendant CASA TUA CUCINA is an upscale Italian restaurant located at 70 SW 7th ST, Miami, FL 33130, where Plaintiff worked.

12. Defendant CASA TUA CUCINA employed Plaintiff CARLOS E. LOPEZ from approximately July 1, 2019, to February 3, 2020, or 31 weeks.

13. Plaintiff was hired as a non-exempted full-time, hourly restaurant employee, and he had duties as a food runner and server. Plaintiff was a tipped employee earning $8.00 an hour plus tips.

14. Throughout his employment with Defendant, Plaintiff performed his duties in an exemplary fashion. Plaintiff possessed all the required skills, training, and qualifications for the job in question and performed his duties without significant issue or controversy.

15. However, during his time of employment with Defendant CASA TUA CUCINA, Plaintiff was subjected to unlawful acts of discrimination, such as harassment, hostile working environment, and was further subjected to different terms and conditions of employment, and finally, discriminatory discharge because of his Race, Color, and Ethnicity (Hispanic).

16. Plaintiff began to experience unlawful discrimination from the beginning of his employment.

17. Chef Mirco Delle Donne (White Italian) and his Italian staff mistreated Plaintiff based on his Race, Color, and Hispanic Ethnicity.

18. As soon as Plaintiff began to work for Defendant CASA TUA CUCINA, Chef Mirco Delle Donne discriminated against Plaintiff based on his Hispanic Ethnicity. Chef Mirco Delle Donne hated Hispanic people.

19. Plaintiff suffered disrespectful and abusive treatment at the hands of Chef Mirco Delle Donne and his Italian subordinates.

20. Plaintiff was subjected to highly offensive, derogatory, and discriminatory remarks and comments about his Race, Color, and Ethnicity (Hispanic).

21. Chef Mirco Delle Donne did not refer to Plaintiff by his name, Carlos. He called him "Porco" (pig). The Chef would scream, insult, and demean Plaintiff and his Hispanic co-workers.

22. Chef Mirco Delle Donne and his staff would curse in Italian and English at Plaintiff and other Hispanic employees, screaming insults and profanities like "Hispanic/Latin mother fu….r" and threatening to fire Plaintiff and other Hispanic employees.

23. On a daily basis, Chef Mirco Delle Donne made derogatory remarks about Plaintiff' Race, Color and Ethnicity, and he freely expressed his hatred against Plaintiff and Hispanic people, including customers.

24. Chef Mirco Delle Donne not only discriminated against Plaintiff because he was not White Italian, but he also promoted and allowed his Italian staff discrimination and harassment against Plaintiff and his Hispanic co-workers.

25. Plaintiff was subjected to excessive job scrutiny, surveillance, and mistreatment. Chef Mirco Delle Donne and his Italian staff blamed Plaintiff and his Hispanic co-workers for anything wrong that happened at the workplace.

26. The frequent, severe, and offensive conduct of Chef Mirco Delle Donne and his staff created a hostile work environment for Plaintiff, in violation of 42 U.S.C. §1981.

27. Plaintiff felt harassed, unwelcome, uncomfortable, humiliated, and intimidated in his place of work. Plaintiff knew that his superior did not like him because of his Race, Color, and Ethnicity, and he was looking for excuses to humiliate him, get him in trouble, and fire him.

28. Plaintiff lived in anxiety and fear of losing his job. Every day he tried to do his best to please Chef Mirco Delle Donne and his staff, to no avail. The illegal conduct of these individuals escalated, and they became more hostile towards Plaintiff.

29. On or about the first week of November 2019, Plaintiff complained to Manager Sttefano Contadore. Plaintiff complained about the discrimination and harassment based on his Race, Color, and Ethnicity that he was suffering at the hand of Chef Mirco Delle Donne. The Manager stated that he could not do anything against Chef Mirco Delle Donne, and he could not stop his wrongful behavior.

30. This complaint constituted protected activity under 42 U.S.C. §1981.

31. Apparently, Chef Mirco Delle Donne knew about Plaintiff's discrimination complaint because, after this complaint, he increased his harassment against Plaintiff.

32. On or about January 22, 2020, Chef Mirco Delle Donne assaulted Plaintiff. Plaintiff requested the Chef to stop his discrimination and harassment on the basis of Race, Color, and Ethnicity. As a response, Chef Mirco Delle Donne grabbed Plaintiff by the arm and told him: "you are going to pay for this." Plaintiff continued his shift and went home.

33. On or about January 23, 2020, Plaintiff returned to work and complained to Chief of Operations Gilberto Vendramin. Plaintiff informed that Chef Mirco Delle Donne Chef Marco had assaulted him. Plaintiff complained that he was suffering discrimination and harassment at the hands of the Chef.

34. This complaint constituted protected activity under 42 U.S.C. §1981.

35. Chief of Operations Gilberto Vendramin admitted that he saw the video and saw Chef Mirco Delle Donne grabbing Plaintiff by the arm but stated that the Chef did not hit Plaintiff.

36. On or about January 23, 2020, Chief of Operations Gilberto Vendramin stated that he was not going to do anything because Chef Mirco Delle Donne had the right to do that and more. Then, COO Gilberto Vendramin stated that Plaintiff was not a good fit for the company and told Plaintiff to go home.

37. Plaintiff assumed that he was punished and suspended because he complained about discrimination and harassment and went home.

38. On or about Monday, February 03, 2020, Plaintiff called the restaurant and asked when he could return to work. However, Defendant informed Plaintiff that he was fired.

39. On or about February 03, 2020, Plaintiff was wrongfully discharged by Defendant, and his human and civil rights were violated. The Plaintiff's discharge was directly and proximately caused by Defendant's unjustified discrimination and harassment because of Plaintiff's Race, Color, and Ethnicity, in violation of both Federal and State Laws.

40. There is a proximity between Plaintiff's last protected activity on or about January 23, 2020, and his termination.

41. Defendant intentionally discriminated against Plaintiff based on his Race, Color, and Hispanic Ethnicity and willfully interfered with Plaintiff's constitutional right to make and enforce contracts, to sue, to be parties, to give evidence, and to be free from racially-based discrimination while bargaining, negotiating, or entering into a contract, including the enjoyment of all benefits, privileges terms and conditions of the contractual relationship of his employment at CASA TUA CUCINA.

42. Defendant's termination of Plaintiff was in direct violation of 42 U.S.C. §1981 (Civil Rights Act of 1866), as amended (Section 1981), and as a direct result, Plaintiff has been damaged.

43. Defendant CASA TUA CUCINA is subjected to vicarious liability for the actions of its management because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected despite Defendant's knowledge that such discrimination and harassment was occurring.

44. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees and costs.

## COUNT I:
## VIOLATION OF THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. SECTION 1981, DISCRIMINATION BASED ON RACE, COLOR, AND ETHNICITY;

45. Plaintiff CARLOS E. LOPEZ re-adopts every factual allegation stated in paragraphs 1-44 above as if set out in full herein.

46. This is an action against CASA TUA CUCINA for unlawful discrimination pursuant to 42 U.S.C., Section 1981.

47. At all times, material hereto Defendant CASA TUA CUCINA was the "employer" of Plaintiff, within the meaning of Section 42 U.S.C. §1981.

48. At all times material hereto, Plaintiff CARLOS E. LOPEZ was an "employee" and had a contractual relationship with Defendant CASA TUA CUCINA within the meaning of 42 U.S.C. §1981.

49. Plaintiff CARLOS E. LOPEZ had at all times material, and continues to have, a federally protected constitutional right to make and enforce contracts, to sue, to be parties, to give evidence, and to be free from racially-based discrimination while bargaining, negotiating, or entering into a contract, including the enjoyment of all benefits, privileges terms and conditions of the contractual relationship of his employment at CASA TUA CUCINA.

50. Defendant CASA TUA CUCINA intentionally engaged in unlawful employment practices and discrimination, in violation of 42 U.S.C. § 1981, by treating Plaintiff differently from similarly situated employees because of his Race, Color, and Ethnicity, Hispanic.

51. Defendant subjected Plaintiff CARLOS E. LOPEZ to different adverse employment actions, including but not limited to the following acts and omissions:

harassment, hostile working environment, and wrongful termination.

52. The effects of the practices referenced above have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his Race, Color, and Ethnicity.

53. As a direct and proximate result of the intentional violations by the Defendant of Plaintiff's rights under 42 U.S.C. § 1981, by treating him differently from similarly situated employees and subjecting him to racial harassment because of his Race, Color, and Ethnicity, Plaintiff has suffered damages. His damages include back pay, front pay, loss of benefits, future pecuniary loss, inconvenience, emotional pain, suffering, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

54. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages because of Defendant's discriminatory practices unless and until this Court grants relief.

55. The actions of Defendant CASA TUA CUCINA and/or agents were willful, wanton, intentional, and with malice or reckless indifference to Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for their actions and to deter it, and others, from such actions in the future.

56. Plaintiff CARLOS E. LOPEZ has retained the undersigned counsel to prosecute his claims, and he is entitled to attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff CARLOS E. LOPEZ respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff CARLOS E. LOPEZ and against Defendant CASA TUA CUCINA based on Defendant's willful violations of 42 U.S.C. §1981; and

B. Award Plaintiff compensatory damages, including front pay, back pay, and lost benefits; and

C. Award Plaintiff as to this count prejudgment interest; and

D. Award Plaintiff damages for the costs of litigation and filing, including attorney's fees; and

E. Grant such other and further equitable relief as this Court deems equitable and just and/or available pursuant to Federal Law, including punitive damages.

### JURY TRIAL DEMAND

Plaintiff CARLOS E. LOPEZ demands trial by a jury of all issues triable as of right by a jury.

### COUNT II:
### RETALIATION, IN VIOLATION OF THE CIVIL RIGHTS OF 1866, 42 U.S.C., SECTION 1981;

57. Plaintiff CARLOS E. LOPEZ re-adopts every factual allegation stated in paragraphs 1-44 of this complaint as if set out in full herein.

58. Plaintiff CARLOS E. LOPEZ and Defendant CASA TUA CUCINA had a contractual relationship.

59. Defendant CASA TUA CUCINA precluded Plaintiff from performing the stated contractual relationship when Defendant terminated Plaintiff.

60. Defendant terminated Plaintiff's contractual relationship in retaliation for

Plaintiff's opposition to unlawful employment practices based on Race, Color, and Ethnicity, as more particularly described above.

61. Plaintiff was unable to enjoy all the benefits, privileges, terms, and conditions of their contractual relationship.

62. The actions of Defendant CASA TUA CUCINA and/or agents were willful, wanton, intentional, and with malice or reckless indifference to Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages according to federal law, to punish the Defendant for its actions and to deter it, and others, from such actions in the future.

63. The Plaintiff has retained the undersigned counsel to prosecute his claims and is entitled to attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff CARLOS E. LOPEZ respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff CARLOS E. LOPEZ and against Defendant CASA TUA CUCINA based on Defendant's willful violations of 42 U.S.C. §1981; and

B. Award Plaintiff compensatory damages, including front pay, back pay, and lost benefits; and

C. Award Plaintiff as to this count prejudgment interest; and

D. Award Plaintiff damages for the costs of litigation and filing, including attorney's fees; and

E. Grant such other and further equitable relief as this Court deems equitable and just and/or available pursuant to Federal Law, including punitive damages.

JURY TRIAL DEMAND

Plaintiff CARLOS E. LOPEZ demands trial by a jury of all issues triable as of right by a jury.

Date: January 31, 2023

                                                  Respectfully submitted,

                                                  By: **/s/ Zandro E. Palma**
                                                  ZANDRO E. PALMA, P.A.
                                                  Florida Bar No.: 0024031
                                                  9100 S. Dadeland Blvd.
                                                  Suite 1500, Miami, FL 33156
                                                  Telephone: (305) 446-1500
                                                  Facsimile:  (305) 446-1502
                                                  E-mail: zep@thepalmalawgroup.com
                                                  *Attorney for Plaintiff*